CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 04 2012

JULIA C. DUDLEY, CLERK
BY: /s/
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **RALEIGH DODSON,** | ) | CASE NO. 7:12CV00361 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| **UNITED STATES DISTRICT COURT,** | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| **Respondent.** | ) | |

Raleigh Dodson, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that Virginia authorities refuse to comply with a federal court judgment ordering that Dodson's federal criminal sentence should run concurrently with his state court sentence. Upon review of the record, the court summarily dismisses the petition without prejudice.[1]

I

Raleigh Dodson was convicted on federal drug charges and sentenced in March 1995 to 240 months in prison. See United States v. Dodson, Case No. 7:94CR40106 (W.D. Va. 1995). On the Judgment Order, after stating the term of imprisonment imposed, the judge added the following condition:

> Defendant's term of imprisonment shall run concurrently with any prison term imposed by the commonwealth of Virginia which is based on a conviction in the circuit court of the City of Danville, Virginia on the 5th day of May, 1994, and for which the Commonwealth of Virginia has filed a detainer.
> After ascertaining the amount of state time the defendant must serve on the state charge, the Bureau of Prisons shall release the defendant to the custody of the Commonwealth of Virginia that amount of time prior to the completion of the instant sentence so that this federal sentence will be completed in the custody

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

of the Commonwealth of Virginia and will be completed by running concurrently with his state sentence.

(ECF No. 1-2, p. 1). When federal authorities released Dodson to Virginia authorities, he expected that he would be processed and released. Instead, he learned that Virginia authorities would require him to serve his seven-year state sentence in the Virginia Department of Corrections ("VDOC"). Dodson wrote to VDOC officials, asking why his sentences had not run concurrently as ordered, and received this reply:

> Please be advised that the sentence imposed in Danville Circuit Court was ordered to run consecutive to the sentence imposed in the federal court system. While it is noted that your federal sentence was ordered to run concurrent to your Virginia sentence, you were not in the custody of the [VDOC;] you were in the custody of the federal authorities and served that sentence prior to beginning the service of the sentence imposed in Danville Circuit Court.

(ECF No. 1-2, p. 2.)

Dodson raises two claims in his § 2254 petition:

1. Petitioner pleaded guilty based on false information from his lawyer and the District Attorney that his federal time would run concurrently with his state sentence; and

2. Virginia authorities acknowledge that the federal court imposed its sentence to run concurrently with the state sentence, but have taken no action to address the situation.

Dodson asserts that he learned about the sentences not running concurrently only after his transfer to the VDOC. As relief in this action, Dodson asks the court to direct the VDOC to run the state time concurrent with the federal sentence or to revisit his federal sentence "so that [he] can complete both sentences at the same time." (ECF No. 1, p. 14.)

## II

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was

convicted. The exhaustion requirement is satisfied by seeking review of the claims, throughout the state court system, to the highest state court with jurisdiction to consider the claims. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). After his opportunity for direct appeal of his conviction has passed, the defendant's state court remedies in Virginia include filing a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia, Va. Code Ann. § 8.01-654(a)(1); § 17.1-411, or in the alternative, filing a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route he follows in exhausting state court remedies, a defendant must ultimately present his claims to the Supreme Court of Virginia before a federal district court can consider the merits of his claims under § 2254.

Dodson alleges that his trial counsel provided inaccurate information about the sentencing benefit Dodson would receive in exchange for his guilty plea to the state charges and that the VDOC is improperly calculating his term of confinement. Dodson states on the face of his petition that he did not pursue a direct appeal in state court and that he has not filed any other post conviction petition or motion concerning in any state court. State court records available online also indicate that Dodson has not pursued any post conviction remedy in state court.

Although Dodson's opportunity to pursue a direct appeal has expired, Dodson can present his claims alleging the improper execution of his Virginia sentence in a petition for a writ of habeas corpus in the Danville County Circuit Court, with a subsequent appeal available in the

Supreme Court of Virginia. In the alternative, Dodson can present his claims in a habeas corpus petition filed directly in the Supreme Court of Virginia.[2]

Because Dodson's current petition indicates that he may have available state court remedies at this time, this court must dismiss his § 2254 petition without prejudice.[3] See Slayton v. Smith, 404 U.S. 53, 54 (1971) (finding that § 2254 habeas petition must be dismissed without prejudice if petitioner has not presented his claims to the appropriate state court and could still do so). An appropriate order will issue this day.

For the reasons stated, the court dismisses Dodson's petition without prejudice. The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This ___ day of August, 2012.

_____
Senior United States District Judge

---

[2] This court's finding that Dodson may have available state court remedies does not constitute a finding that the allegations in his current petition state any habeas corpus claim on which he is entitled to relief. If the Danville Circuit Court imposed its sentence to run consecutive to the federal sentence, it appears that Virginia authorities are executing Dodson's state sentence in accordance with the state sentencing order.

[3] Section 2254 provides a remedy to persons confined under state court judgments in violation of the Constitution or laws of the United States. Therefore, to the extent that Dodson wishes to challenge his federal sentence as imposed, he cannot proceed under § 2254.